2024 IL App (2d) 230372
No. 2-23-0372
Opinion filed January 29, 2024

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-1787 |
| LEROY ROLLINS, | ) ) | Honorable John A. Barsanti, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices Hutchinson and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1 In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), defendant, Leroy Rollins, appeals from the trial court's order granting the State's petition to deny pretrial release and ordering him detained pursuant to Public Acts 101-562 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] See also *Rowe v. Raoul*, 2023 IL

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm.[2]

¶ 2                                    I. BACKGROUND

¶ 3     On August 21, 2023, defendant was arrested and charged with one count of aggravated battery with a deadly weapon (720 ILCS 5/12-3.05(f)(1) (West 2022)) and two counts of felony domestic battery (720 ILCS 5/12-3.2(a)(1), (2) (West 2022)). In the aggravated battery count, the State alleged that defendant stabbed Kiera Younger in the left thigh with a pocketknife. In the domestic battery counts, the State alleged that defendant caused bodily harm and made contact of an insulting or provoking nature to Younger, a family or household member, in that he stabbed her in the leg with a knife and he had previously been convicted of domestic battery where the victim was a family or household member. Defendant's bond was set at $50,000, and he was required to post 10% surety to be released from custody.

¶ 4     On September 21, 2023, the State petitioned to deny defendant pretrial release, alleging that defendant was charged with domestic battery (a detainable offense) and his release posed a real and present threat to the safety of any person or the community. The State also asserted that defendant was on bond for failure to register as a sex offender in Kane County (case No. 23-CF-

---

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before January 9, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline in this case. *People v. Earnest*, 2024 IL App (2d) 230390, ¶ 1 n.2.

1225); he was convicted of domestic battery in Kane County (case No. 19-CM-2166); he had been previously convicted of failure to register in 2017, 2006, and 2001; defendant was convicted of aggravated criminal sexual assault in 1988 and armed robbery in 1977; and he had numerous other criminal convictions.

¶ 5    On September 22, 2023, a hearing was held on the State's petition (and on defendant's previously filed motion to reconsider conditions of bond, which is not contained in the record on appeal). The State entered into evidence a police synopsis, which related that, on August 21, 2023, Officer Vincent Ruhl of the Aurora Police Department was dispatched to 8 South West Street in response to a female who was outside, screaming. Upon arrival, Ruhl and Officer D. Wagner met with Younger, who stated that she was involved in a domestic altercation with defendant, her boyfriend. The officers observed an actively bleeding laceration to Younger's left thigh. Upon questioning, Younger related that, throughout the day, defendant kept approaching her and getting into physical altercations with her, despite Younger advising him to stay away and leave her alone. During the last altercation, Younger lifted her leg up to shield herself from defendant, and, while doing so, defendant produced a knife and stabbed her in the thigh. There was one witness to the incident, Lavan Johnson. Johnson was inside the apartment at the time and corroborated Younger's version of the incident. Johnson stated that he observed defendant stab Younger in the thigh. Medical personnel arrived at the scene to treat Younger, who refused to go to the hospital. In reviewing defendant's criminal history, the officers noted that he had a prior conviction of domestic battery.

¶ 6    The State also proffered that defendant had convictions of domestic battery, criminal sexual assault, failure to register as a sex offender, and armed robbery. He was also on bond in a pending felony case for failing to register as a sex offender. It also noted that, despite defendant's health

issues (*i.e.*, chronic obstructive pulmonary disease (COPD)), he was able to stab Younger and his criminal history reflected that he did not follow court orders (referencing his failures to register as a sex offender).

¶ 7    Defense counsel proffered that defendant was 67 years old, received Social Security disability income, and was in poor health with severe COPD (and used three different inhalers). Also, while in custody, he was taken to the hospital. If he were to be released, counsel argued, he would reside at 530 Jackson Street in Aurora. Counsel argued that the State had not met its burden to show that the proof was evident and the presumption great that defendant committed the charged offense, he posed a real and present threat to the community or specific people, and no conditions could mitigate that threat. Counsel noted that there was a four-year gap since defendant's last offense, in 2019. Also, conditions could mitigate any threat he posed and he was elderly, in poor health, and has his own home and does not live with Younger.

¶ 8    The trial court found that defendant was a danger to Younger and the community and ordered him to be detained pending trial. The court determined that defendant was on bond on another offense when the present offense occurred, which showed his inability to follow court orders. It also denied the motion to reconsider conditions of bond.

¶ 9    In its written order, the court found that defendant committed a detainable offense, based upon "the nature of the offense charged." It determined that defendant was a danger to another person or the community, in that he had committed violence in the past and was out on bond on another felony when he committed the present offense. Finally, the court found that less restrictive conditions would not assure the safety of the community and assure defendant's appearance in court, because he was out on bond when he allegedly committed the present offense and was unable to conform to release conditions; he was likely to violate again.

¶ 10    On October 6, 2023, defendant filed a notice of appeal, and, on November 29, 2023, the Office of the State Appellate Defender (OSAD) filed a memorandum in support of defendant's appeal. The State, on December 20, 2023, filed a memorandum in opposition to the appeal.

¶ 11                              II. ANALYSIS

¶ 12    In his form notice of appeal (prescribed in Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023)), defendant raised several arguments. First, he checked boxes, asserting that (1) the Stated failed to meet its burden of establishing that the proof is evident and the presumption great that defendant committed the offense charged; (2) the State failed to meet its burden of establishing that defendant posed a real and present threat to the safety of any person or the community, based on the specific, articulable facts of the case; and (3) the trial court erred in its determination that no condition or combination of conditions would reasonably ensure defendant's appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Defendant did not elaborate or provide any reasons to support these arguments.

¶ 13    He also raised three additional arguments for which he provided some elaboration, arguing that (1) the State failed to meet its burden to show that no condition or combination of conditions can mitigate the real and present threat to the safety of any person or the community, based on the specific, articulable facts of the case, or defendant's willful flight, in that there was no evidence of willful flight and the State presented no evidence that there was no condition or combination of conditions that would mitigate any safety threats to anyone; (2) defendant was denied an opportunity for a fair hearing prior to the entry of the order denying pretrial release, in that the State relied only upon the police synopsis and did not present or supply the entire police report or defendant's entire criminal history; and (3) defendant is very ill, has severe COPD and regularly sees a doctor for it, has his own home, and does not live with Younger.

¶ 14                    A. Plain Error and Ineffective Assistance of Counsel

¶ 15    In its memorandum in support of defendant's appeal, OSAD does not address any of the arguments defendant raised in his notice of appeal. Instead, it argues that the trial court's denial of pretrial release should be reversed because the State's petition was untimely and, although not raised below, we should review the issue under the plain-error doctrine. Also, OSAD argues in the alternative that defense counsel was ineffective and unreasonable in failing to object to the petition on timeliness grounds. The State responds that these issues have been forfeited because they were not raised in the trial court or in defendant's notice of appeal. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023) (In appeals from orders under the Act, "[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested."). The State does not address the merits of the timeliness issue.

¶ 16    When a defendant has failed to preserve an error for appeal, a reviewing court may review the issue for plain error. *People v. Bush*, 2023 IL 128747, ¶ 71; Ill. S. Ct. R. 615(a) (eff. Jan. 1, 1967). Plain-error review is appropriate when a clear or obvious error occurs and (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error," or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *Bush*, 2023 IL 128747, ¶ 71. Under either prong of the plain-error doctrine, the first step is to determine whether a clear or obvious error occurred. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). "Plain-error review is reserved for errors that are clear or obvious based on law that 'is well settled at the time of trial ***.' " *People v. Williams*, 2015 IL App (2d) 130585, ¶ 11 (quoting *People v. Downs*, 2014 IL App (2d) 121156, ¶ 20).

¶ 17    In *People v. Martin*, 2023 IL App (4th) 230826, ¶¶ 16-17, the defendant raised issues in his memorandum that were not raised before the trial court or set forth in his notice of appeal and he argued that plain-error review applied. First, the Fourth District rejected the defendant's plain-error argument, concluding that, even if the State's petition to deny him pretrial release was improper, that fact was neither clear nor obvious on the day of the detention hearing, which was held on September 18, 2023, the day the Act went into effect. *Id.* ¶ 17. The court stated:

> "For that matter, it was not obvious that defendant could respond by moving to strike the petition or that the trial court had the authority to grant such a motion, as defendant now assumes. The purpose of requiring defendants to raise these matters with the trial court is to allow for proper development of legal precedent regarding a brand-new statute. Because plain-error review applies only to unpreserved errors based on settled precedent, we will not consider these arguments under the plain error doctrine." *Id.*

¶ 18    Next, the Fourth District held that appellate review under the Act is limited "to the issues fairly raised by a liberal construction of [the] defendant's notice of appeal" and issues not raised in the notice are forfeited. *Id.* ¶ 19. It noted that Rule 604(h) requires that the notice of appeal describe the grounds for relief requested and that the Rule 606(d) form notice of appeal requires the defendant to describe those grounds in detail. *Id.* ¶ 18. Acknowledging that the contents of a notice of appeal are to be liberally construed, the court nevertheless concluded that "this court does not have authority to excuse compliance with the filing requirements of the supreme court rules governing appeals." (Internal quotation marks omitted.) *Id.*

¶ 19    We agree with *Martin*'s rationale and conclude that the timeliness issue is forfeited. The detention hearing in this case was held on September 22, 2023, four days after the Act went into effect. At that time, it was neither clear nor obvious under the law whether the State could file a

verified petition to deny defendant pretrial release, where bond conditions had previously been imposed on defendant. Because we conclude that, at the time of the detention hearing, any error relating to the State's authority to file the petition was not clear or obvious, the issue is not reviewable under the plain-error doctrine.

¶ 20    We further conclude that defendant has not shown that defense counsel was ineffective for failing to move to strike the State's petition as untimely. An ineffective-assistance-of-counsel claim requires a defendant to demonstrate both that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice. *People v. Lewis*, 2022 IL 126705, ¶ 44. To show prejudice, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." (Internal quotation marks omitted.) *People v. Moore*, 2020 IL 124538, ¶ 29. Here, defendant has failed to show that a reasonable probability exists that the result of the proceeding would have been different if counsel had moved to strike the State's petition, because it was not clear that the State's petition was improper. Thus, we conclude that defendant is unable to establish that counsel's performance was unreasonable or that defendant suffered prejudice as a result.

¶ 21                   B. Arguments Raised Only in Notice of Appeal

¶ 22    As to the arguments defendant raised only in his notice of appeal, we do not reach them, because they were not also raised in OSAD's memorandum. Rule 604(h) provides that an appellant either may stand on his or her notice of appeal or may, but is not required to, file a memorandum. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023). Further, although Rule 604(h), as amended by the Act, provides a new procedure for pretrial release appeals, the long-standing principles in Illinois Supreme Court Rule 341 (eff. Oct. 1, 2020) and related case law regarding appeals still apply. See *People v. Inman*, 2023 IL App (4th) 230864, ¶ 12. Acknowledging these changes in the law and

the foregoing long-standing principles, the Fifth District recently held, in *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶¶ 41-42, that if a memorandum is filed, it is the controlling document for identifying the issues or claims on appeal, except in limited circumstances such as to determine jurisdictional issues. We agree with and follow this approach because it is practical and efficient. We deem the filing of a memorandum to reflect that an appellant has elected to abandon any arguments that were raised in his or her notice of appeal but not also pursued in the memorandum. Accordingly, with limited exception, we will not reference the notice of appeal to address arguments that are not also raised in the memorandum. *Id.* ¶ 42. Here, we do not address the issues defendant raised only in his notice of appeal.

¶ 23                                    III. CONCLUSION

¶ 24    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 25    Affirmed.

*People v. Rollins*, **2024 IL App (2d) 230372**

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Kane County, No. 23-CF-1787; the Hon. John A. Barsanti, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and James Wozniak, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |