2024 IL App (2d) 230585-U
No. 2-23-0585
Order filed March 6, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2704 |
| TODD M. HUTT, | ) ) ) | Honorable William G. Engerman, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Where the State presented evidence showing defendant committed numerous sex offenses against his minor neighbor, the circuit court's finding that no condition would mitigate the threat posed by defendant was not against the manifest weight of the evidence. Affirmed.

¶ 2     Defendant, Todd Hutt, appeals the December 15, 2023, order of the Kane County circuit court denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Criminal Code) (725 ILCS 5/art. 110 (West 2022)). See Pub. Acts. 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting

stay and setting effective date of Act as September 18, 2023).[1] Defendant specifically argues in his memorandum in support of his appeal that the State failed to present sufficient evidence that no conditions would mitigate defendant's risk of danger to the community. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On December 13, 2023, defendant was charged by complaint with 2 counts of predatory sexual assault of a victim under 13 years old (720 ILCS 5/11-1.40(a)(1) (West 2022)), a Class X felony; 11 counts of aggravated criminal sexual abuse where defendant is at least 17 years old and the victim is under 13 years old (720 ILCS 5/11-1.60(c)(1)(i) (West 2022)), a Class 2 felony; and 1 count of sexual exploitation of a child (720 ILCS 5/11-9.1(a)(2) (West 2022)), a Class A misdemeanor. The State filed a verified petition to deny defendant pretrial release on December 15, 2024, and the matter proceeded to detention hearing that same day.

¶ 5        In support of its petition, the State proffered the Geneva Police Department synopsis, which described the forensic interview with T.M.M., a 16-year-old female. T.M.M. disclosed that between 2012 and August 2017 (during which time, T.M.M. was between the ages of 6 and 11), defendant had performed oral sex on her several times, had kissed her from head to toe over her clothes, held her against the side of the pool so that her vagina was against the water jet, had used multiple vibrators on her, and had touched her vagina and butt on several occasions. She also

_____

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Criminal Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act"; however, neither title is official. Rowe v. Raoul, 2023 IL 129248, ¶ 4 n.1.

disclosed that defendant would expose his penis to her through the leg of his shorts. Defendant was also interviewed and he admitted to using a vibrator on T.M.M., to squeezing and kissing her bare butt, and to touching her vagina over her clothes. He also admitted to pushing T.M.M. against the water jets in the pool for the purpose of arousing her.

¶ 6    The State argued that because of the nature of the offense and the manner in which defendant took advantage of brief moments to touch his victim, defendant posed a threat to the community at large. Regarding conditions of pretrial release, the State argued as follows:

> "There are no conditions that this court could place on this defendant that would prevent him, that would mitigate the threat to the community and to children in the community. A GPS bracelet would just tell us where he's at, that does not help keep him away from children.
>
> Simply ordering him not to be around, Judge, is very difficult and it is difficult to monitor for all the reasons that I stated, where there are public places everywhere that this defendant can go, where there would perhaps be children.
>
> And even on EHM, Judge, there are times when this defendant will have to be released. It is in the EHM order that he cannot stay in his house 24/7. He will have to be released to go to his medical appointments or to buy things for his life and get food and sustain himself. And, of course, there are every where he goes there could possibly be a child and a potential victim."

¶ 7    Defense counsel responded by arguing that defendant has a place to reside with no minors in the home, is gainfully employed, and in his public safety assessment report, was scaled a 1 out of a possible 6 on both the new criminal activity scale and the failure to appear scale. Defense counsel also argued that house arrest would mitigate any risk imposed by defendant.

¶ 8 The circuit court then ruled that the State had met its burden, finding that the proof is evident or the presumption great that defendant had committed the charged offenses, that defendant posed a real and present threat to the community at large, and that no condition or combination of conditions would mitigate the threat defendant posed. In determining that no conditions would mitigate defendant's threat, the circuit court said:

> "It is true that the defendant could be confined to his home. But that order only goes so far. The defendant does have to be let out to do certain things. And I don't believe, the court is not persuaded that this defendant—that the court could fashion a condition of release that would prevent this defendant from having contact with children under the age of 18."

¶ 9 The circuit court also observed that, due to the sensitive nature of the crimes defendant allegedly committed and the general unwillingness of victims to come forward and report such crimes, the risk of defendant reoffending while on pretrial release could not be mitigated by any condition or combination of conditions.

¶ 10 In its written order, the circuit court noted that "[h]ome confinement does not guarantee that the defendant will not leave the home or associate with individuals under the age of 18. Orders to not have contact with anyone under 18 years of age are difficult to enforce."

¶ 11 Defendant filed a timely notice of appeal on December 19, 2023.

¶ 12                                     II. ANALYSIS

¶ 13 Defendant, in his memorandum on appeal, argues that the State failed to present sufficient evidence that no conditions would mitigate defendant's risk of danger to the community. Because this was the only argument raised in his memorandum, the other arguments raised in his notice of

appeal are deemed abandoned. See Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023); *People v. Rollins*, 2024 IL App (2d) 230372, ¶ 22.

¶ 14    Defendant also argues that *de novo* review is the proper standard of review in appeals from pretrial detention hearings where the circuit court heard no live testimony. However, this court has time and time again applied a two-part standard of review when reviewing a circuit court's decision to detain a defendant, regardless of whether live testimony was involved or not. Defendant does not raise any compelling argument as to why that should change. Therefore, the appropriate standard of review is that the manifest-weight standard applies to the trial court's factual determinations and the abuse of discretion standard applies to the ultimate decision of whether a defendant should be detained. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if an opposite conclusion to the circuit court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. An abuse of discretion occurs only if no reasonable person could agree with the circuit court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 15    Here, we cannot find that the circuit court's finding that no condition or combination of conditions would mitigate the threat posed by defendant was against the manifest weight of the evidence. The State argued extensively regarding why no condition would mitigate the threat posed by defendant, specifically to minor children in the community. The State goes on to discuss the possible pretrial release conditions of GPS and EHM, describing that although these conditions may allow the court to be aware of defendant's location, they do not prevent him entirely from coming into contact with children. Given the brevity and public nature of each of his alleged crimes against T.M.M., even defendant's minimal contact with a minor is cause for concern.

¶ 16    The circuit court also explicitly discusses pretrial release conditions in both its verbal and written ruling, ultimately finding that there is no set of conditions it could fashion that would mitigate the threat defendant posed to minor children. We do note that defendant has a limited criminal history and is a seemingly low risk according to the public safety assessment report. However, that is only one factor of many for the trial court to consider in determining what pretrial conditions, if any, would be effective in mitigating the threat posed by defendant. Given all of the foregoing, the circuit court's finding was not against the manifest weight of the evidence, and the circuit court's decision to detain defendant was not an abuse of discretion.

¶ 17                                III. CONCLUSION

¶ 18    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 19    Affirmed.