2024 IL App (2d) 240013-U
No. 2-24-0013
Order filed March 26, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of McHenry County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 23-CF-1109 |
| | ) | |
| ALAN J. MROWKA, | ) ) | Honorable Michael J. Chmiel, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Justices Hutchinson and Birkett concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The trial court abused its discretion in finding that the defendant was a flight risk and ordering that he be subject to pretrial detention.

¶ 2     The defendant, Alan J. Mrowka, appeals from the denial of his pretrial release under section 110-6.1 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-6.1 (West 2022)), as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1]  See Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023) (amending various provisions of the Act);

---

[1]The Act has been referred to as the "SAFE-T Act" or the "Pretrial Fairness Act."  Neither

*Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we reverse the order denying the defendant pretrial release.

¶ 3                                      I. BACKGROUND

¶ 4     On November 30, 2023, the State charged defendant with aggravated criminal sexual abuse (720 ILCS 5/11-1.6(c)(1)(i) (West 2022)), a Class 2 felony. The complaint alleged that, between May 4, 1995, and May 3, 1996, the defendant committed an act of sexual conduct with the victim, in that the defendant grabbed the buttocks of the victim for the purpose of sexual gratification or arousal. At the time of the offense, the defendant was at least 17 years of age and the victim was under 13 years of age. The complaint further alleged that because the victim was under 18 years of age, the period of limitations was extended. See *id.* § 3-6(j)(1). The record indicates that the defendant was subsequently arrested in Florida.

¶ 5     On December 22, 2023, the State filed a verified petition to deny the defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)). The State alleged that the defendant was eligible for detention and should be denied pretrial release based on (1) the defendant being a real and present threat to the safety of any person or persons or the community, or, alternatively, because (2) the defendant posed a risk of "willful flight for class 3 and greater felony offenses." Alternatively, if not detained, the State asserted that there should be conditions placed on the defendant's pretrial release, namely, that he be ordered not to leave the State and to have no contact with the alleged victim.

¶ 6     That same day, the defendant was present in court for his initial appearance in this case and the trial court conducted a detention hearing. The State first went over the facts of the present case

_____

of those names is official, as neither appears in the Illinois Compiled Statutes or the public act. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n. 1.

and the basis of the allegations set forth in the complaint. The State explained that the allegations in the complaint occurred when the defendant was the coach of the Wonder Lake ski team. The State then detailed allegations from other victims, not directly at issue in this case. The statute of limitations barred charges for the alleged offenses against the other victims. The uncharged alleged offenses occurred when the defendant was 21 or 22 years of age. The State also noted that, in 1984, the defendant had pleaded guilty to a charge of contributing to the sexual delinquency of a minor and was sentenced to one year probation. The State argued that the defendant was 70 years old, that his dangerousness spanned his entire life, and thus he was a danger to the community. As for the defendant being a flight risk, the State noted that the defendant was arrested in Florida. The State did not know "for sure that [the defendant] lives in Florida" but argued that he was a flight risk because he did not live in Illinois and was charged with "serious allegations."

¶ 7    The defendant argued that he was not a flight risk. The defendant noted that he owns two homes in Wonder Lake: his own home and his brother's home. The defendant had bank accounts, savings accounts, and securities accounts with financial and broker institutions in McHenry County. The defendant stated that he was retired, had "winter[ed]" in Florida for the past couple of years, and was building a home there. However, he still had significant ties to McHenry County. He just happened to be in Florida at the time the charges were brought. The defendant asserted that he would comply with terms and conditions of pretrial release and that he would not miss a court date.

¶ 8    Following the hearing, the trial court granted the State's petition. The trial court found that the State failed to prove that the defendant was a danger to any persons or the community because the alleged offense occurred almost 30 years ago and the victim was now an adult. However, the trial court found that the State had proved that the defendant posed a high likelihood of willful

flight. The trial court stated that its determination was based on the severity of the charges and the defendant's age, that the defendant had contacts with another State, and that most people facing these types of charges might leave the State. The trial court concluded that it was possible that the defendant could flee the State and that it could not "fashion an order" that would prevent that flight.

¶ 9    The trial court entered a written form order that same day. In the order the trial court indicated that aggravated criminal sexual abuse was a detainable offense, the defendant posed a real and present threat of willful flight and that no condition or combination of conditions could mitigate the threat. In the place on the form order for the trial court to enter its written findings, the trial court stated that the defendant was a flight risk because "the defendant does not have substantial contacts to Wonder Lake or the state. The Court finds that the defendant has contacts with other states and presents a flight risk." The defendant timely appealed from this order. The defendant filed a memorandum in support of his appeal and the State filed a response.

¶ 10                                II. ANALYSIS

¶ 11    At the outset we note that, in his notice of appeal, the defendant raised, as grounds for relief, that (1) the State failed to prove that he committed a detainable offense; and (2) the State failed to prove that he posed a risk of willful flight risk and that no conditions could mitigate that risk. However, in his memorandum, the defendant only presents argument in support of the second issue. As such, the first issue is abandoned. See *People v. Rollins*, 2024 IL App (2d) 230372, ¶ 22 (finding defendant abandoned those Rule 604(h) claims raised in the notice of appeal but not addressed in his memorandum).

¶ 12    On appeal, the defendant argues that the trial court erred in finding that the State met its burden of proving (1) that he posed a high likelihood of willful flight and (2) that there were no conditions or combination of conditions that could mitigate the risk of willful flight.

¶ 13    In Illinois, all persons charged with an offense are eligible for pretrial release. *Id.* §§ 110-2(a), 110-6.1(e).  Pretrial release is governed by article 110 of the Code as amended by the Act. *Id.* § 110-1 *et seq*.  Under the Code, as amended by the Act, a defendant's pretrial release may only be denied in certain statutorily limited situations. *Id.* §§ 110-2(a), 110-6.1(e).

¶ 14    Relevant to this appeal, a court may deny a defendant pretrial release if the defendant "has a high likelihood of willful flight to avoid prosecution and is charged with *** [a] felony offense other than a Class 4 offense." *Id.* § 110-6.1(a)(8)(B).  The Code defines "willful" flight as:

> "intentional conduct with a purpose to thwart the judicial process to avoid prosecution. Isolated instances of nonappearance in court alone are not evidence of the risk of willful flight.  Reoccurrence and patterns of intentional conduct to evade prosecution, along with any affirmative steps to communicate or remedy any such missed court date, may be considered as factors in assessing future intent to evade prosecution." *Id.* § 110-1(f).

To deny a defendant pretrial release based on willful flight, the trial court must find that the State proved the following by clear and convincing evidence: (1) the proof is evident or the presumption great that the defendant has committed a detainable offense as set forth in section 110-6.1(a)(8); (2) the defendant poses a high likelihood of willful flight to avoid prosecution; and (3) no condition or combination of conditions can mitigate the risk of the defendant's willful flight. *Id.* § 110-6.1(e)(1), (3); see also *People v. Slaten*, 2024 IL App (2d) 240015-U, ¶ 21 (the trial court must first make a threshold determination that the defendant poses a high likelihood of willful flight and then, if so, address whether there any conditions that could mitigate the risk of willful flight).

Finally, in its detention order, the trial court must "make a written finding summarizing [its] reasons for concluding that the defendant should be denied pretrial release, including why less restrictive conditions would not *** prevent the defendant's willful flight from prosecution." 725 ILCS 5/110-6.1(h)(1) (West 2022).

¶ 15 We review the court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we review under the manifest-weight-of-the-evidence standard the court's factual findings as to dangerousness, flight risk, and whether conditions of release could mitigate those risks. *Id.* A finding is against the manifest weight of the evidence only where it is unreasonable or not based on the evidence presented. *Id.* We review for an abuse of discretion the trial court's ultimate determination regarding pretrial release. *Id.* An abuse of discretion also occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 16 In the present case, the State failed to provide clear and convincing evidence that the defendant posed a high likelihood of willful flight. The State argued only that the defendant did not live in Illinois and that the present charge against him was serious. However, the evidence indicated that the defendant owned two homes in McHenry County and had bank, savings, and investments accounts with various financial institutions in McHenry County. Further, the defendant had "wintered" in Florida for the past two winters. There was no evidence that the defendant did not live in Illinois or had contact with states other than Florida and Illinois.

¶ 17 Similarly, the trial court's determination was not supported by the evidence. In its written order, the trial court found that the defendant did not have substantial contacts to Wonder Lake or Illinois. However, as noted above, the evidence showed that the defendant owned two homes in Wonder Lake and maintained numerous financial accounts in McHenry County. While the

evidence showed that the defendant went to Florida for the winter, there was no evidence that he did not otherwise live in Illinois. The trial court also found that defendant had "contacts with other states." While there was evidence that the defendant had a connection to Florida, there was not clear and convincing evidence that he intended to go to Florida in attempts to avoid prosecution. See *People v. Boncosky*, 2024 IL App (2d) 230496-U, ¶ 23 (high likelihood of willful flight proved where defendant "sold his business and home, made statements that he intended to move to Florida *** changed his phone number to a Florida number, and expressed interest in changing his name"); *People v. Cepeda*, 2024 IL App 2d 230564-U, ¶ 21 (finding of willful flight affirmed where defendant made statements indicating that he was leaving Illinois with his family to join his father in Mexico). Finally, in its oral ruling, the trial court noted that someone facing the present charge might leave the State. However, to justify pretrial detention, the Act requires clear and convincing proof of specific articulable facts of the case, not generalities about the severity of the criminal charges. See 725 ILCS 5/110-6.1(f)(7) (West 2022) (noting the decisions regarding pretrial detention must be individualized); see also *People v. Stock*, 2023 IL App (1st) 231753, ¶ 18 ("more is required" to overcome a defendant's presumed eligibility for release than to focus on the nature of the criminal charge alone). Thus, the trial court's decision granting pretrial detention based on willful flight was against the manifest weight of the evidence. We remand for the trial court to determine any conditions of the defendant's release. See 725 ILCS 5/110-10 (West 2022). Considering our resolution of this issue, we need not consider the defendant's remaining contention on appeal.

¶ 18                                    III. CONCLUSION

¶ 19     For the reasons stated, the judgment of the circuit court of McHenry County is reversed and remanded.

¶ 20     Reversed and remanded.