2024 IL App (4th) 240250

NO. 4-24-0250

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
April 25, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McLean County |
| ANTHONY LEON ANDRES, | ) | No. 24CF106 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Scott Kording, |
| | ) | Judge Presiding. |

        JUSTICE HARRIS delivered the judgment of the court, with opinion.
        Justices Knecht and Vancil concurred in the judgment and opinion.

**OPINION**

¶ 1        Defendant, Anthony Leon Andres, appeals from the trial court's order denying him pretrial release. On appeal, he argues the court's detention order must be vacated because the State's petition to deny his release was insufficient and did not meet statutory requirements. We affirm.

¶ 2        I. BACKGROUND

¶ 3        On January 26, 2024, the State charged defendant with felony violation of an order of protection (720 ILCS 5/12-3.4(a)(1), (d) (West 2022)). The charge was based on allegations that defendant had deliberate communication with Robin Kratky, the protected party of an order of protection entered against him, and that he had previously been convicted of aggravated battery.

¶ 4    The State also filed a verified petition to deny defendant pretrial release under article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)), hereinafter as recently amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act). The State's petition consisted of a preprinted form on which it checked boxes indicating defendant (1) was eligible for pretrial detention pursuant to section 110-6.1(a)(3) of the Code (725 ILCS 5/110-6.1(a)(3) (West 2022)) as alleged in count I and (2) should be denied pretrial release because he posed "a real and present threat to the safety of any person or persons or the community, based on the specific articulable facts of the case." *Id*. In its petition, the State also asked the trial court to "impose a no contact provision with" Kratky.

¶ 5    The same day, the trial court conducted a detention hearing. The State presented evidence by way of proffer that Kratky was the protected party of an active plenary order of protection entered against defendant in McLean County case No. 23-OP-707. Kratky and defendant were described as having had "an intimate partner relationship" and "a child in common." On January 17, 2024, Kratky reported Facebook communications she received from defendant. Specifically, Kratky showed the police "images of Facebook posts that were in [her] own notification portal due to the fact that defendant had tagged her account in his posts." Defendant's Facebook posts referred to Kratky by name and made cryptic statements directed to her. When officers spoke with defendant, he admitted that the Facebook account from which the posts originated was his.

¶ 6    The State proffered that defendant's criminal history included several felony and misdemeanor convictions, including two prior convictions for aggravated battery, and a five-year prison sentence. The State also represented that defendant had a pending charge for violation of an order of protection in McLean County case No. 24-CM-40, which involved the same order of

protection as in the present case. At the State's request, the trial court took judicial notice of the case file in case No. 24-CM-40. In that case, Kratky reported to the police that defendant had contacted her via text messages. The police were able to view the messages on defendant's phone and arrested him on January 15, 2024. By agreement of the parties, defendant was granted pretrial release on January 16, 2024—one day before the allegations in the present case arose—with conditions that he have no contact with Kratky and comply with the order of protection in case no. 23-OP-707.

¶ 7    The State next represented that defendant underwent a risk assessment evaluation, which indicated he had a high risk of reoffending. Additionally, it noted that during a domestic violence interview with the police, Kratky reported a history of abuse between her and defendant, that she was terrified of defendant, and that she believed defendant was capable of killing her.

¶ 8    Defendant similarly presented evidence by way of proffer, representing that he had lived in McLean County his entire life, was 37 years old, worked full-time for the previous three years for a painting company, and financially supported his daughter. Defendant suffered from post-traumatic stress disorder, attention deficit disorder, and attention deficit hyperactivity disorder, and he was undergoing therapy. Additionally, defendant proffered that he had successfully completed a term of conditional discharge and a period of mandatory supervised release in connection with two of his past convictions.

¶ 9    Ultimately, the trial court granted the State's petition to deny defendant pretrial release. It found the State proved by clear and convincing evidence that detention was warranted on the grounds of defendant's dangerousness.

¶ 10    This appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12        Defendant filed his notice of appeal pursuant to Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023), seeking his "[r]elease with conditions." On appeal, he has filed a Rule 604(h) memorandum, arguing that the trial court's detention order should be vacated because "the State's petition to detain failed to cite any specific articulable facts, as required by statute." Defendant complains that the State's check-the-box style petition provided no factual basis for its assertion that he posed any danger.

¶ 13        Initially, we note that in appeals under Rule 604(h), "issues not fairly raised through a liberal construction of defendant's notice of appeal are forfeited." *People v. Gatlin*, 2024 IL App (4th) 231199, ¶ 13 (citing *People v. Martin*, 2023 IL App (4th) 230826, ¶ 19). Here, defendant raised no challenge to sufficiency of the State's petition to deny him pretrial release in his notice of appeal and, thus, the issue has been forfeited.

¶ 14        Defendant argues forfeiture should not apply because "nothing in the admonitions following a detention hearing would put the defendant on notice that omitting an issue from the notice of appeal would forfeit the issue." However, "Rule 604(h), which governs appeals under the Act, states that '[t]he Notice of Appeal shall describe the relief requested and the grounds for the relief requested,' and the form notice of appeal prescribed by Rule 606(d) requires the defendant to describe those grounds in detail." *Martin*, 2023 IL App (4th) 230826, ¶ 18 (quoting Ill. S. Ct. Rs. 604(h), 606(d) (eff. Sept. 18, 2023)). Clearly, Rule 604(h) itself informs appellants of the necessity of including all grounds for relief in the notice of appeal. Moreover, an issue may also be deemed forfeited on appeal when not raised in the trial court. *People v. Cruz*, 2013 IL 113399, ¶ 20. In this instance, not only did defendant fail to raise his challenge to the State's petition in his notice of appeal, but he also failed to raise his challenge with the trial court during the underlying proceedings.

¶ 15 Defendant argues that despite forfeiture, his claim of error may still "be reached as plain error" because the alleged error affected his substantial rights. Under the plain-error doctrine, a reviewing court may consider forfeited errors when "a clear or obvious error" has occurred and either (1) "the evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error" or (2) the "error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." *People v. Radford*, 2020 IL 123975, ¶ 23. The initial step in a plain-error analysis is determining "whether an error occurred at all." *Gatlin*, 2024 IL App (4th) 231199, ¶ 15. For the reasons that follow, we find no error.

¶ 16 The issue defendant presents for review involves a matter of statutory construction. The primary goal when construing a statute "is to ascertain and give effect to the legislative intent as evidenced by the plain and ordinary meaning of the statutory language." *People v. Washington*, 2023 IL 127952, ¶ 27. On review, we consider statutory construction issues *de novo*. *Id.*

¶ 17 Under the Code, all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). However, "[u]pon verified petition by the State," and following a hearing, the trial court may deny release in certain situations. *Id.* § 110-6.1(a). With respect to the contents of the State's petition, the Code provides as follows:

> "The petition shall be verified by the State and shall state the grounds upon which it contends the defendant should be denied pretrial release, including the real and present threat to the safety of any person or persons or the community, based on the specific articulable facts or flight risk, as appropriate." *Id.* § 110-6.1(d)(1).

¶ 18 In this case, there is no dispute that the State's petition was verified. Additionally, it plainly "state[d] the grounds" upon which the State's request was based. *Id.* In particular, the

State alleged that defendant (1) committed a detention eligible offense, violation of an order of protection (*id.* § 110-6.1(a)(3)) and (2) posed a safety threat to some person or the community. Defendant's contention on appeal that the State's petition had to include additional information in the form of a factual basis or written proffer is not supported by the plain and ordinary language of the statute, which sets forth no such explicit requirement.

¶ 19        Notably, defendant contends we should review this case similarly to those cases in which Rule 604(h) notices of appeal have been deemed insufficient when they consist solely of checked boxes on a preprinted form with no further elaboration in support of the appellant's claims. See *People v. Lyons*, 2024 IL App (5th) 231180, ¶ 24 (dismissing the defendant's appeal based upon the defendant's failure to provide any argument in support of his appeal); *People v. Duckworth*, 2024 IL App (5th) 230911, ¶ 8 (dismissing the defendant's appeal based upon the finding that the reviewing court had "nothing on which to base an analysis of the defendant's allegations on appeal"); *People v. Inman*, 2023 IL App (4th) 230864, ¶ 13 (indicating an appellant must "include some rudimentary facts, argument, or support for the conclusory claim they have identified by checking a box" on the Rule 604(h) form notice of appeal). However, as asserted by the State, the rationale for such decisions is the lack of any reasoned argument by the appellant to support the appeal. Such circumstances are fundamentally different in nature from the underlying proceedings, where the State's petition provides notice of the grounds upon which it seeks the denial of pretrial release and is followed by a hearing where both parties have the opportunity to present evidence and argument and the State has the burden of proving its case for detention by clear and convincing evidence. See 725 ILCS 5/110-6.1 (West 2022).

¶ 20　　　　　Here, we find the State's petition to deny defendant pretrial release was sufficient to comply with the Code's requirements. Accordingly, there has been no error, much less an error that was clear or obvious.

¶ 21　　　　　Finally, we note that although defendant raised additional claims of error in his notice of appeal that were not addressed in his memorandum, we do not consider them. "Rule 604(h) provides that an appellant either may stand on his or her notice of appeal or may, but is not required to, file a memorandum." *People v. Rollins*, 2024 IL App (2d) 230372, ¶ 22 (citing Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023)). "[I]f a memorandum is filed, it is the controlling document for identifying the issues or claims on appeal, except in limited circumstances such as to determine jurisdictional issues." *Id.* The filing of a memorandum reflects that a defendant "has elected to abandon any arguments that were raised in his or her notice of appeal but not also pursued in the memorandum." *Id.*; see *People v. Forthenberry*, 2024 IL App (5th) 231002, ¶ 42 ("[I]f a memorandum is filed, it will be the controlling document for issues or claims on appeal and we will not reference the notice of appeal to seek out further arguments not raised in the memorandum, except in limited circumstances, *e.g.*, to determine jurisdiction."). Accordingly, in this case, the claims of error that defendant elected not to pursue in his memorandum have been abandoned and warrant no consideration.

¶ 22　　　　　　　　　　　　III. CONCLUSION

¶ 23　　　　　For the reasons stated, we affirm the trial court's judgment.

¶ 24　　　　　Affirmed.

*People v. Andres*, 2024 IL App (4th) 240250

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of McLean County, No. 24-CF-106; the Hon. Scott Kording, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carolyn R. Klarquist, and Jonathan Krieger, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State Appellate Prosecutor's Office, of Springfield, for the People. |