NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 240585-U

NO. 4-24-0585

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 20, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | Livingston County |
| JOHN L. PENNINGTON, | ) | No. 24CF64 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Jennifer H. Bauknecht, |
| | ) | Judge Presiding. |

---

JUSTICE VANCIL delivered the judgment of the court.
Presiding Justice Cavanagh and Justice Zenoff concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in denying defendant pretrial release.

¶ 2    Defendant, John L. Pennington, appeals the trial court's order denying him pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 *et seq*. (West 2022)), hereinafter as amended by Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4    In March 2024, defendant was charged with possession of more than 15 but less than 100 grams of methamphetamine with intent to deliver, a Class X offense. 720 ILCS 646/55(a)(2)(C) (West 2022). At the time he was charged, the State filed a petition to deny him pretrial release. At the hearing on the petition, the State proffered that a warrant executed on defendant's home resulted in the discovery of a "small pile" of crystal methamphetamine on his

kitchen counter and 60.25 grams of methamphetamine inside a kitchen drawer. Police also found a "meth pipe" and other related paraphernalia, such as a digital scale and spoon, which were identified by a detective at the scene as being used to package drugs for sale. Defendant told a detective that he was dealing drugs to support his own addiction. When asked how long "a couple of ounces" of methamphetamine would last him, he replied that, because he does not feel the effects as much anymore, it would last him a few weeks.

¶ 5    The State proffered further evidence of defendant's criminal history. At the time of his arrest, defendant was out on bond for similar Class X offenses involving cocaine and methamphetamine and a Class 1 cannabis offense. He also had three pending cases for driving on a suspended or revoked license, as well as past convictions for driving on a suspended or revoked license (Livingston County case No. 20-CF-285), driving under the influence (Livingston County case Nos. 20-DT-62 and 03-DT-200), speeding 26 to 34 miles per hour over the speed limit (McLean County case No. 22-MT-722), burglary (McLean County case No. 07-CF-660), failure to report as a registered sex offender (Livingston County case No. 07-CF-26), resisting a peace/correctional officer (Livingston County case No. 05-CM-176), possession of cannabis (Livingston County case No. 03-CM-758), driving on a suspended license (Livingston County case Nos. 03-TR-7642, 03-TR-9019, and 03-TR-8644), possession of liquor by a minor (Livington County case Nos. 96-CM-907 and 97-CM-332), aggravated criminal sexual assault (Livingston County case No. 96-CF-75), and unlawful transport of a weapon (Mason County case No. 96-CV-81). He scored an 8 out of 14 on the Virginia pretrial risk assessment instrument.

¶ 6    Based on its proffer, the State argued defendant posed a threat to the community and no conditions of pretrial release could mitigate that threat. Defense counsel responded

defendant would agree to abide by any conditions of pretrial release, such as GPS monitoring and drug testing, which would mitigate any threat he posed. The trial court agreed with the State, pointing to the danger not only to addicts, but to communities as a whole, when dealing with large quantities of drugs. It also noted defendant's "lengthy prior record" and the inadequacy of the suggested conditions of release to confirm that defendant is not still using or selling drugs. The court therefore denied defendant's pretrial release.

¶ 7            This appeal followed.

¶ 8                                II. ANALYSIS

¶ 9            Under the Code, all defendants are presumed eligible for pretrial release. 725 ILCS 5/110-6.1(e) (West 2022). To deny a defendant pretrial release, the trial court must first find (1) the proof is evident or the presumption great the defendant committed a qualifying offense, (2) the defendant poses a real and present threat to any person or persons or the community, and (3) no conditions of pretrial release could mitigate the threat posed by the defendant. *Id.* The Code provides the court a list of factors to consider when determining a defendant's dangerousness, including the nature and circumstances of the offense charged; the history and characteristics of the defendant, including criminal history indicative of violent behavior; whether, at the time of the offense, the defendant was on probation; and "[a]ny other factors *** deemed by the court to have a reasonable bearing upon the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior." *Id.* § 110-6.1(g)(9). A court's denial of a defendant's pretrial release is reviewed for an abuse of discretion. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. An abuse of discretion occurs where a court's decision is "arbitrary, fanciful or unreasonable," or where "no reasonable person would agree

with the position adopted by the trial court." *People v. Simmons*, 2019 IL App (1st) 191253, ¶ 9 (quoting *People v. Becker*, 239 Ill. 2d 215, 234 (2010)).

¶ 10                                    A. Dangerousness Under the Code

¶ 11            Defendant first argues the State failed to show his alleged sale of drugs posed a real and present threat to the safety of the community, so the trial court abused its discretion in finding such a threat. Defendant contends the State offered no evidence he specifically posed a threat to the community and the court's finding relied only on the threat of general societal harms stemming from drug use, which is not a "real and present" threat as required by the Code. Defendant asks us to follow *People v. Norris*, 2024 IL App (2d) 230338-U, which he cites for the premise that "the general harms of drug use are not specific present threats to the community, as required by [the Code]." In doing so, he asks us to abandon *People v. Woods*, 2024 IL App (4th) 240190, ¶ 21, in which we acknowledged the societal harm caused by drug use and held that harm, combined with a defendant's prior criminal history, rendered a defendant dangerous for purposes of pretrial detention. Defendant argues *Norris* is consistent with the Code's listed factors for assessing dangerousness, which, he claims, "focus[es] on violence and abuse (physical and sexual), and the use of firearms."

¶ 12            We decline to depart from our precedent and adopt defendant's view. In *Woods*, we held a defendant with a history of selling large amounts of controlled substances into the community poses a real and present threat to that community, given how well established the societal harm of drug use is in Illinois law. *Id.* ¶¶ 20-21. In making this determination, we rejected the court's reasoning in *Norris*, which defendant now asks us to adopt. *Id.* ¶ 19. The Code allows courts to consider the nature of the crime charged and a defendant's past criminal history in determining dangerousness, which we did in *Woods* when we focused on the harm to

- 4 -

members of the community stemming from drug use and the fact that the defendant in that case had multiple past convictions for selling drugs. *Id.* ¶ 21. We determined that a defendant is dangerous when he has a history of repeatedly introducing harmful substances into the community, even while out on bond. *Id.* ¶ 19. Defendant offers us no compelling reason to depart from that stance now.

¶ 13　　　　　In this case, the State charged defendant with possession of methamphetamine with intent to deliver. At the time he was charged, he was out on bond for similar drug-related charges. The trial court reviewed these factors and determined defendant posed a real and present threat to the community. Consistent with our holding in *Woods*, we find the court did not abuse its discretion in making that determination.

¶ 14　　　　　　　　　　　B. Forfeiture

¶ 15　　　　　Defendant next argues the trial court abused its discretion in finding no condition or combination of conditions could mitigate the threat he poses if granted pretrial release. Specifically, defendant contends the court "misapprehended the law and based its decision on evidence that was either not in the record or rebutted by the record." We find that defendant has forfeited this argument.

¶ 16　　　　　"Issues not fairly raised through a liberal construction of a defendant's notice of appeal are forfeited." *People v. Gatlin*, 2024 IL App (4th) 231199, ¶ 13. In his notice of appeal, defendant marked two grounds for relief on a fill-in-the-blank form: (1) the State failed to meet its burden of proving by clear and convincing evidence he poses a real and present threat to a person, persons, or the community and (2) he was denied an opportunity for a fair hearing prior to the entry of the order denying pretrial release. Regarding the second ground for relief, defendant elaborated that the State's petition to detain did not plead he was dangerous, which the

State later argued at his hearing, but only that he posed a risk of willful flight. The State was allowed by the court to amend the petition on its face to reflect its dangerousness theory. Despite noting it in his notice of appeal, defendant did not raise this argument in his subsequent memorandum, so we do not address it. See *People v. Andres*, 2024 IL App (4th) 240250, ¶ 21 (holding claims of error made in a notice of appeal, but not pursued in a later memorandum, are considered abandoned).

¶ 17         The notice of appeal form defendant used allowed him to mark as grounds for relief the theory that the State failed to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat he posed. Defendant did not do this. Nor did he articulate in any other part of the notice of appeal the argument that the trial court misapprehended the law regarding conditions of pretrial release and relied on information outside the record in making its determination. We are unable to read this argument into the information provided in defendant's notice of appeal, even through a liberal construction. We also note defendant did not raise these arguments at the detention hearing itself. "[A]n issue may also be deemed forfeited on appeal when not raised in the trial court." *Andres*, 2024 IL App (4th) 240250, ¶ 14. We therefore find that defendant has forfeited this argument.

¶ 18                              III. CONCLUSION

¶ 19         For the reasons stated, we affirm the trial court's judgment.

¶ 20         Affirmed.