NOTICE

Decision filed 02/22/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231180

NO. 5-23-1180

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Champaign County. |
| v. | ) ) | No. 23-CF-1440 |
| DAVID S. LYONS, | ) ) | Honorable Brett N. Olmstead, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE VAUGHAN delivered the judgment of the court, with opinion.
Justices Boie and McHaney concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant appeals the trial court's order denying him pretrial release pursuant to Public Act 101-652 (eff. Jan. 1, 2023), commonly known as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act (Act).[1] See Pub. Act 101-652, § 10-255 (eff. Jan. 1, 2023); Pub. Act 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023).[2] For the following reasons we dismiss this appeal.

_____

[1]The press and politicians have also sometimes referred to the Act as the Pretrial Fairness Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public act.

[2]Pursuant to Illinois Supreme Court Rule 604(h)(5) (eff. Dec. 7, 2023), our decision in this case was due on or before February 15, 2024, absent a finding of good cause for extending the deadline. Based on the high volume of appeals under the Act currently under the court's consideration, as well as the complexity of issues and the lack of precedential authority, we find there to be good cause for extending the deadline.

¶ 2                                    BACKGROUND

¶ 3      On November 16, 2023, defendant was charged by information with one count of unlawful possession of a weapon by a felon, in violation of section 24-1.1(a) of the Criminal Code of 2012 (720 ILCS 5/24-1.1(a) (West 2022)), a Class 2 felony, and unlawful possession with intent to deliver cannabis, more than 10 grams but not more than 30 grams, in violation of section 5(c) of the Cannabis Control Act (720 ILCS 550/5(c) (West 2022)), a Class 4 felony. Both charges related to an occurrence on November 15, 2023.

¶ 4      On November 16, 2023, the State filed a verified petition to deny defendant pretrial release. The petition alleged that defendant committed an offense listed in section 110-6.1(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/110-6.1(a) (West 2022)) and posed a real and present threat to the safety of any person(s) or the community.

¶ 5      On November 16, 2023, the court appointed counsel and issued orders finding probable cause and temporarily ordered defendant detained. On November 17, 2023, a hearing on the State's petition to detain was held. The State provided the following as its proffer. On November 15, 2023, the police were called to the 2400 block of West Springfield Avenue, in Champaign, Illinois, with a claim of a man with a gun. When police arrived, they saw defendant, along with other individuals, outside the liquor store. Officers maintained surveillance on the group and saw defendant with another individual walk up to an Infinity sports utility vehicle (SUV) that pulled up and put something inside the door of that vehicle before the vehicle drove off. The officers approached defendant and ordered him to put his hands in the air and get on the ground. Defendant refused the police commands and began taking his clothes off while yelling at the officers. Following a final warning, the officers eventually tased defendant, placed him in custody, and took him to the

                                          2

hospital for evaluation and removal of the taser probes. Defendant yelled at the officers that he had done nothing wrong and was only out there selling cannabis to provide for his family.

¶ 6    A man who entered the liquor store to make a purchase advised police that he and defendant got into a heated argument in the store during which time defendant displayed a handgun. Video surveillance showed defendant removing a dark-colored handgun from the inside of his jacket and holding it in his hand at his right side when arguing with the victim. After the victim walked away, defendant put the gun back in his jacket pocket and zipped it up. Another individual came up to defendant and tried to calm him down. Defendant removed the handgun from his jacket and handed it to an unknown male who then opened an SUV door and put the gun inside the vehicle before it drove off. The officers reviewed the video surveillance footage from the store and stated it revealed defendant approaching several individuals entering the store and starting conversations that they believed appeared to be attempts to sell cannabis, which defendant later admitted. The officers located and searched the SUV but could not find the gun. The officers also searched defendant when he was taken into custody and found 16 grams of cannabis in three packages, a silver scale, and a 9-millimeter bullet in one of his pockets. When defendant was interviewed, he admitted he had the gun to protect himself when he was selling cannabis and that he pulled the gun out because the victim was looking at him and acting weird. The State proffered that defendant was on probation when the incident occurred.

¶ 7    The pretrial assessment report found defendant had a Virginia Pretrial Risk Assessment Instrument-Revised score of 8, which put him at a risk level of 4 out of 6. The report also indicated that defendant's current probationary status stemmed from a conviction of aggravated battery with great bodily harm, a Class 3 felony, for which he received 30 months' probation on June 5, 2023. Defendant's other prior convictions included domestic battery with bodily harm and resisting a

peace officer both from February 2020, driving with an expired driver's license in July 2018, domestic battery with physical contact in October 2014, and retail theft less than $300 in October 2014.

¶ 8    Defense counsel proffered that defendant was familiar with the alleged victim. Counsel stated defendant and the victim had repeated issues, frequently ran into each other at that location, and the interactions were problematic and potentially dangerous.

¶ 9    The State argued that carrying and displaying a gun when defendant was a convicted felon was not the way to resolve the issue and made defendant more dangerous. The State argued that defendant was on probation when the incident occurred from a very serious offense of aggravated battery and had two prior domestic battery cases, all of which made him ineligible to legally possess a firearm. He was also selling cannabis which violated the terms of his probation. The State requested that defendant be detained.

¶ 10    Defense counsel argued that defendant moved to the area in 2022 and had connections with the community, namely, the mother of defendant's children. Probation was helping defendant find a job. Defendant recently completed anger management and was trying to cooperate with probation. Defense counsel also stated defendant was an alcoholic and his charges stemmed from that issue. Defense counsel requested defendant's release into an alcohol-based program.

¶ 11    The court found the proof was evident or the presumption great that defendant committed the detainable offense. The court noted the surveillance video, police finding a bullet when defendant was searched, and defendant's admissions to having the firearm and using the gun to protect his cannabis selling business. The court found that willful flight was not shown, but the State proved by clear and convincing evidence that no condition or combination of conditions could mitigate defendant's real and present threat to the safety of any person or the community.

4

The court clarified that it was talking about the community. It noted that defendant had four children, but at the same time was homeless, unemployed, had two prior convictions for domestic battery, and was currently on felony probation for aggravated battery causing great bodily harm. The court further noted that while defendant was on probation, he was illegally possessing a loaded firearm and using it to protect his illegal drug-dealing business. The court found defendant was a danger to the community, ordered pretrial detention, and advised defendant of his appeal rights.

¶ 12 Following the hearing on November 17, 2023, the trial court issued an order finding the proof was evident or the presumption great that defendant committed a detainable offense. In support, the order stated,

> "On November 15, 2023, police responded to a call of a man with a gun. The alleged victim told them that [d]efendant *** pulled a gun on him, surveillance video corroborated that, police found Mr. Lyons with a 9 mm bullet on his person, and Mr. Lyons admitted *** he had the gun for protection."

The order further found that, "Mr. Lyons has the prior felony conviction alleged in Count I." The order further found that defendant posed a real and present threat or posed a high likelihood of willful flight and no condition or combination of conditions could mitigate his dangerousness. In support, the order stated,

> "Mr. Lyons is currently on felony probation for Aggravated Battery Causing Great Bodily harm. When he pulled the gun here, he racked it and threatened the victim. He told police that he carries the gun to protect his illegal cannabis selling business and, along with the bullet, police found on his person 16g of cannabis in three packages. There are no conditions of pretrial release that can mitigate the real and present threat Mr. Lyons poses to the community."

5

Defendant timely appealed. Ill. S. Ct. R. 604(h)(2) (eff. Oct. 19, 2023).

¶ 13                                    ANALYSIS

¶ 14    Defendant's notice of appeal checked boxes listing the following issues: (1) whether the State met its burden of proof that the proof was evident or the presumption great that defendant committed the charged offense(s); (2) whether the State met its burden of proof that defendant posed a real and present threat to the safety of any person(s) or the community, based on the specific articulable facts of the case; (3) whether the State met its burden of proof that no condition, or combination of conditions, could mitigate defendant's dangerousness based on the specific, articulable facts of the case; and (4) whether the court erred in its determination that no condition, or combination of conditions, would reasonably ensure defendant's appearance for later hearings or prevent defendant from being charged with a subsequent felony or Class A misdemeanor. Despite the form containing eight lines to allow defendant to elaborate and present argument on each issue checked, no argument or citation to authority was provided.

¶ 15    On December 5, 2023, the Office of the State Appellate Defender (OSAD) entered its appearance on behalf of defendant. On January 9, 2024, OSAD filed a notice in lieu of Illinois Supreme Court Rule 604(h) (eff. Dec. 7, 2023) memorandum. The notice stated that OSAD would not be filing a Rule 604(h) memorandum.

¶ 16    On January 29, 2023, the State filed its Rule 604(h) memorandum in support of the trial court's detention order. The memorandum argued that defendant's failure to provide argument in his notice of appeal as required by Rule 604(h)(2)—or cure the defect by filing a Rule 604(h)(2) memorandum—required dismissal of the appeal. In the alternative, the State urged affirmation of the trial court's detention order.

6

¶ 17　　This is not the first instance wherein this court, as well as the other appellate districts, has grappled with a lack of argument presented on appeal in pretrial release cases. See *People v. Duckworth*, 2024 IL App (5th) 230911, ¶¶ 7-8; *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13; *People v. Whitaker*, 2024 IL App (1st) 232009, ¶¶ 37-42; *People v. Cook*, 2023 IL App (2d) 230424-U, ¶¶ 9-10. Here, while defendant requested relief, *i.e.*, a reversal of the court's order of detention, and provided the grounds for his requested relief as evidenced by the checked boxes listing the issues raised on appeal, no legal argument, fact, or citation to authority was provided in support of the grounds for the relief requested.

¶ 18　　It is well established that

>　　" '[i]n our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. *** [A]s a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." [Citation.]' " *People v. Givens*, 237 Ill. 2d 311, 323-24 (2010) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008)).

The Illinois Supreme Court has directed the appellate court to refrain from raising unbriefed issues when doing so " 'would have the effect of transforming this court's role from that of jurist to advocate.' " *Id.* at 324 (quoting *People v. Rodriguez*, 336 Ill. App. 3d 1, 14 (2002)). In such instances where this court " 'would be forced to speculate as to the arguments that the parties might have presented,' " we must " 'refrain from addressing these issues *sua sponte*' " because engaging in " 'such speculation would only cause further injustice.' " *Id.* (quoting *Rodriguez*, 336 Ill. App. 3d at 14).

7

¶ 19    While we are equally cognizant of the Illinois Supreme Court's allowance of an appellate court to ignore briefs that fail to comply with its rules governing the submission of briefs in instances where the "record is short and the issues are simple" (*People v. Johnson*, 192 Ill. 2d 202, 206 (2000)), such instances do not include a complete failure to provide an argument in support of an issue on appeal. Here, we are not reviewing a brief that failed to include record citations. See *id.* at 206-07. We are reviewing a case for which no supporting argument was provided.

¶ 20    We are equally aware that an appellant is not required to provide a memorandum addressing the grounds for relief on appeal. See Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). We respect an appellant's decision as to how they wish to proceed on appeal. However, we do not interpret appellant counsel's choice to file a notice stating it "will not file a Rule 604(h) memorandum" as an invitation for this court to provide argument for issues raised by the appellant in the notice of appeal. To do so would unequivocally transform this court's "role from that of jurist to advocate" (*Givens*, 237 Ill. 2d at 328), a role discouraged by our Illinois Supreme Court.

¶ 21    This is especially true in pretrial release cases. Here, the appellant is the defendant. His appointed trial counsel filed defendant's notice of appeal. Thereafter, OSAD was appointed as defendant's counsel on appeal. "The principal function of the Office of the State Appellate Defender is to represent indigent persons on appeal in criminal cases when appointed by the Illinois Supreme Court, the Appellate Court or the Circuit Court" as stated by the agency on its website. See *About Us*, Office of the State Appellate Def., https://osad.illinois.gov/aboutus.html (last visited Feb. 21, 2024) [https://perma.cc/FKA6-57DR].

¶ 22    The Illinois Supreme Court-approved notice of appeal form provides eight blank lines under each issue listed as grounds for the appeal. Clearly these lines were provided for a purpose, that being to allow an appellant to present argument in support of any checked issue on the notice

of appeal. The Illinois Supreme Court rules further allow for the submission of a memorandum, if desired, that would further allow an appellant to set forth argument for any ground listed in the notice of appeal. Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). We interpret the court's actions as opportunities for any appellant to present required argument either in the notice of appeal or in a memorandum, if so desired, under Rule 604(h)(2). Therefore, in instances where no argument in support of the grounds listed in the notice of appeal is presented to this court, we could potentially consider the lack of argument presented a forfeiture. See *People v. Brown*, 2020 IL 125203, ¶ 25 ("forfeiture is the failure to make the timely assertion of a right"). However, we cannot interpret the foreclosed opportunity as forfeiture as to OSAD when it deliberately chose to file a notice stating it would not file a memorandum under Rule 604(h)(2). OSAD's action is evidence of waiver, which is an "intentional relinquishment or abandonment of a known right or privilege." *Id.*

¶ 23     "The well-established rule is that mere contentions, without argument or citation of authority, do not merit consideration on appeal." *People v. Hood*, 210 Ill. App. 3d 743, 746 (1991). Here, defendant's counsel, OSAD, chose to provide no memorandum despite its awareness that defendant's notice of appeal provided no argument in support of the grounds listed for review on appeal. For the court to act as an advocate for defendant, when counsel was appointed for that specific purpose, undermines both the attorney-client relationship between defendant and OSAD and our role as jurists.

¶ 24     While defendant complied with the requirement of Rule 604(h)(2) by providing the requested relief and grounds for the appeal, his counsel's failure to provide any argument in support of his appeal requires this court to speculate as to what the arguments of the parties would be and would infringe on the attorney-client relationship between defendant and OSAD. We find

the former action contrary to Illinois Supreme Court precedent (see *Givens*, 237 Ill. 2d at 324) and the latter action wholly inappropriate.

¶ 25                              CONCLUSION

¶ 26    Therefore, for the foregoing reasons, we dismiss defendant's appeal.


¶ 27    Appeal dismissed.

*People v. Lyons*, 2024 IL App (5th) 231180

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Champaign County, No. 23-CF-1440; the Hon. Brett N. Olmstead, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Carlolyn R. Klarquist, and Deborah K. Pugh, of State Appellate Defender's Office, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Patrick Delfino and David J. Robinson, of State's Attorneys Appellate Prosecutor's Office, of Springfield, for the People. |