2024 IL App (1st) 240926-U

No. 1-24-0926B

Order filed August 20, 2024

Sixth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 CR 1100014 |
| | ) | |
| MATTHEW CANALE, | ) | Honorable |
| | ) | Barbara Lynette Dawkins, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

PRESIDING JUSTICE ODEN JOHNSON delivered the judgment of the court.
Justices Hyman and C.A. Walker concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We decline to review defendant's appeal, absent any legal argument or citation to authority, and dismiss the appeal.

¶ 2    Defendant Matthew Canale appeals from an order of the trial court which granted him

pretrial release subject to conditions under Illinois Supreme Court Rule 604(h) (eff. Sept. 18, 2023)

pursuant to what is commonly known as the Pretrial Fairness Act.[1] On appeal, defendant challenges the imposition of a curfew between 5 p.m. and 5 a.m. On appeal, defendant requests a new conditions hearing with reasonable capable conditions of release, with the mandate issued instanter.

¶ 3    For the reasons that follow we affirm and remand with directions.

¶ 4                                                BACKGROUND

¶ 5    Defendant was charged with one count of attempted robbery on February 9, 2024. At defendant's first appearance, the State did not file a verified petition for detention and instead asked the trial court for discretionary conditions of release and no contact with the victim or any witnesses. Defendant was later charged with an additional count of aggravated battery in a public place on February 22, 2024.

¶ 6    In support of its request for conditions, the State presented the following evidence: on February 8, 2024, at 4631 North Western Avenue in Chicago, the victim was walking with his bicycle on the sidewalk. Defendant followed the victim and started a conversation with him. Defendant then grabbed the victim's bicycle with both hands and tried to pry it away from the victim. Defendant then punched the victim in the head with a closed fist, but the victim was able to regain control of the bicycle and defendant fled the scene. Defendant was located by police a few blocks away and arrested after the victim identified him in a show-up. At the time of his arrest, defendant was on pretrial release for another battery case in Cook County. Defendant also had a

---

[1] In 2021, the General Assembly passed two separate acts that "dismantled and rebuilt Illinois's statutory framework for the pretrial release of criminal defendants." *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 (discussing Pub. Act 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023) (amending 725 ILCS 5/art. 110) (the Pretrial Fairness Act) and Pub. Act 102-1104 (eff. Jan. 1, 2023) (the Follow-Up Act).

prior conviction in Wisconsin for taking a vehicle without permission and criminal property damage, and his probation was revoked.

¶ 7     Pretrial services flagged defendant for new violent criminal activity, and noted that his new crime activity score was four out of five, and his failure to appear score was three out of five, giving him a Level Three monitoring score. Their assessment recommended maximum conditions if released.

¶ 8     Defendant stated that he was 31 years old, had been a Cook County resident for the past 3 years, was a high school graduate and was experiencing some housing instability. He requested the least restrictive conditions.

¶ 9     The trial court found, in balancing the seriousness of the allegations against defendant with defendant's age, education and housing instability, that the least restrictive conditions would be Level 3 pretrial supervision, the imposition of a 5 p.m. to 5 a.m. curfew, and no contact with the complaining witness. The trial court asked defendant if he understood the conditions and defendant answered affirmatively. The trial court then granted the State's motion for leave to revoke pretrial release on his other pending case and ordered defendant detained on that revocation.

¶ 10     The trial court subsequently recalled defendant's case later that morning because it learned that pretrial services could monitor defendant at an alternative housing address, but neither Pretrial Services nor the Sheriff's Office would provide transportation. The trial court asked defendant if he could provide information on any place where he could stay while on curfew. Defendant responded that he had a friend he believed he could stay with, but was unable to provide a name, address, or phone number to the court. Defendant then told the trial court that he had been in

Chicago for 11 years and that he would get the address when he got there and confirmed that he did not have the address memorized.

¶ 11   The trial court indicated that it was not inclined to impose electronic monitoring because it was a step higher than what it thought was necessary to protect the public in this case. The trial court then stated that it would impose electronic monitoring because it appeared there was no less restrictive condition in light of defendant's situation. Defendant again stated that he had a place he believed he could stay but was unable to provide a name or address and had no means of obtaining the address without being released. The trial court told defendant that it did not want to put him on electronic monitoring and expressed hope that perhaps defendant would be able to come up with an address before his next hearing. Defendant again stated that he would be unable to comply with the court's request for an address unless he was released. The trial court asked defendant if he wanted the court to order electronic monitoring, and defendant responded by asking when he would be released. The trial court decided to leave its previous order in place. Defendant filed his timely notice of appeal on February 23, 2024.

¶ 12                                      ANALYSIS

¶ 13   Defendant's notice of appeal was the preprinted form, with the "other" box checked as his grounds for relief with the following explanation:

> "Trial counsel informed the court that [defendant] was experiencing homelessness
> and did not [have an] address where he could reside. Nevertheless, the court set the
> conditions of his pretrial release to include a curfew of 5PM to 5AM. When a supervisor
> from Pretrial Services informed the court they could not implement the curfew condition
> when an individual did not have an address. The court considered imposing EM, though

the court noted it did not think it was necessary, but the court would not consider imposing GPS in order to monitor [defendant's] movements. Ultimately, the court kept curfew as a condition of release, despite knowing [defendant] could not be released with the curfew condition."

¶ 14    Defendant did not file a memorandum to support his notice of appeal, instead, he filed a notice in lieu of a memorandum. In the notice, defendant argues that the curfew condition at issue was not the least restrictive discretionary and individualized condition. He also argues that the State was required to prove by clear and convincing evidence at all pretrial hearings that any condition of release was necessary and there was no evidence that the State even attempted to meet its burden as to the curfew condition's alleged necessity.

¶ 15    In response, the State in its memorandum maintains that defendant was charged with the detainable offense of attempted robbery and was subsequently charged with aggravated battery. The State also contends that its proffer showed by clear and convincing evidence that defendant violently, and without justification or provocation, attacked a complete stranger in an attempt to take that person's bicycle by force, then fled when his attempt was unsuccessful, but not before inflicting injury on his victim. Defendant was subsequently arrested a few blocks from the scene and positively identified by the victim moments later. Taken as a whole, the State maintains that this is more than sufficient to show by clear and convincing evidence that defendant attempted to commit a robbery by use of force, and defendant has not attempted to refute any of the evidence presented.

¶ 16    Additionally, the State notes that defendant was on pretrial release for a battery case at the time of the present offense; had a misdemeanor conviction from Wisconsin for taking a vehicle

without consent and criminal damage to property for which he received 18 months' probation, which was revoked; and, pretrial services found that Level 3 supervision was appropriate and recommended maximum conditions of release. The State contends that these facts, taken as a whole, showed by clear and convincing evidence that defendant was both a danger to others, and unlikely to reappear in court or abide by the court's conditions without additional supervision or protections in place.

¶ 17    Moreover, the State argues that contrary to defendant's assertion on appeal, the trial court did, in fact consider electronic monitoring as an alternative to a curfew, noting that it felt that electronic monitoring was too restrictive under the circumstances. However, according to the State, defendant rejected the court's offer of imposing electronic monitoring when it became apparent that he would not be immediately released and would have to remain in custody until alternative housing for monitoring could be obtained.

¶ 18    The State notes that the conundrum here is that by virtue of defendant's own inability to abide by the trial court's conditions, defendant cannot be released because he would almost certainly be returned to custody in violation of the court's conditions if he failed to provide an address where the curfew could be enforced. Defendant failed to provide the name of the person he intended to stay with or a guarantee that the person would allow defendant to stay there even if defendant was granted conditional release. The State further noted that without an address, there is no way for defendant to comply with the more restrictive condition of electronic monitoring or receive notice of future court dates, hearings or allegations of failure to comply. The State also noted that defendant has made no effort to secure alternative housing, despite being given the opportunity to do so, and simply argues that the curfew is unfair by virtue of his lack of housing.

The State concludes that defendant's own lack of ability to comply perpetuates his circumstances, and argues that this court should affirm the trial court's order.

¶ 19     Pretrial release, including the conditions related to such release, is governed by Article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq* (West 2022)). Under the Code, all persons charged with an offense are eligible for pretrial release before conviction. 725 ILCS 5/110-2(a) (West 2022). Pursuant to the Code, a defendant's pretrial release may be denied only in certain statutorily limited situations. 725 ILCS 5/110-6.1 (West 2022). Upon the State's filing of a verified petition requesting denial of pretrial release, the State has the burden of proving by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-2; 5/110-6.1(a)(1.5), (4), (8) (West 2022).

¶ 20     At all pretrial hearings, the prosecution has the burden of proving by clear and convincing evidence that any condition of release is necessary. 725 ILCS 5/110-2(b) (West 2022). To set appropriate conditions of pretrial release, the trial court must determine, by clear and convincing evidence, what pretrial release conditions, if any would reasonably ensure the defendant's appearance as required or the safety of any other person or the community and the likelihood of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release. *People v. Burke*, 2024 IL App (5th) 231167, ¶ 19. In reaching its determination, the trial court must consider (1) the nature and circumstances of the offense

charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; (4) the nature and seriousness of the specific, real, and present threat to any person that would be posed by the person's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. *Id*. The statute lists no single factor as dispositive. *Id.*

¶ 21    Our standard of review of pretrial release determinations is twofold. The trial court's factual findings are reviewed under the manifest weight of the evidence standard. *People v. Vingara*, 2023 IL App (5th) 230698, ¶ 10. "A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or if the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill.2d 322, 332 (2008). Under this standard, we give deference to the trial court as the finder of fact as it is in the best position to observe the conduct and demeanor of the witnesses." *Deleon*, 227 Ill. 2d at 332. We review the trial court's ultimate determination regarding the denial of pretrial release for an abuse of discretion. *Burke*, 2024 IL App (5th) 231167, ¶ 20. An abuse of discretion occurs when the decision of the trial court is arbitrary, fanciful, or unreasonable or when no reasonable person would agree with the position adopted by the trial court. *Id*.

¶ 22    As noted above, defendant's notice of appeal listed the requested relief as a new conditions hearing, setting reasonable capable conditions of relief, and provided the grounds for appeal by checking the "other" box and provided an explanation but no legal argument or citation to authority to support the explanation provided. Defendant's notice of appeal did not check the box indicating that the State failed to meet its burden of proof by clear and convincing evidence. Defendant was

represented by the Office of the Public Defender, by Assistant Public Defender (APD) Lillian McCartin, in the trial court and continues to be represented by APD McCartin on this appeal.

¶ 23 This is not the first instance where this court, across several districts, has wrestled with a lack of argument presented on appeal in pretrial release cases. See *Burke*, 2024 IL App (5th) 231167, ¶ 26; *People v. Lyons*, 2024 IL App (5th) 231180, ¶ 17; *People v. Whitaker*, 2024 IL App (1st) 232009, ¶¶ 37-42; *People v. Cook*, 2023 IL App (2d) 230424-U, ¶¶ 9-10; *People v. Inman*, 2023 IL App (4th) 230864, ¶¶ 12-13. While defendant requested relief and provided the grounds for his requested relief as evidenced by the checked box listing the issue raised on appeal, no legal argument or citation to authority was provided in support of the grounds for the relief requested.

¶ 24 It is well established that

" '[i]n our adversary system, in both civil and criminal cases, in the first instance and on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present. *** [A]s a general rule, "[o]ur adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." [Citation.]' " *Lyons*, 2024 IL App (5th) 231180, ¶ 18 (quoting *People v. Givens*, 237 Ill. 2d 311, 323-24 (2010) (quoting *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008)).

¶ 25 Our supreme court has directed the appellate court to refrain from raising unbriefed issues when doing so "would have the effect of transforming this court's role from that of jurist to advocate." *Lyons*, 2024 IL App (5th) 231180, ¶ 18 (quoting *Givens*, 237 Ill. 2d at 324). See also *Burke*, 2024 IL App (5th) 231167, ¶ 27. In such instances where this court would be forced to

speculate what arguments that the parties might have presented, we must refrain from addressing these issues *sua sponte* because doing so would only cause further injustice. *Lyons*, 2024 IL App (5th) 231180, ¶ 18 (quoting *Givens*, 237 Ill. 2d at 324).

¶ 26    While we are equally cognizant of our supreme court's allowance of an appellate court to ignore briefs that fail to comply with its rules governing the admission of briefs in instances where the record is short and the issues are simple, such instances do not include a complete failure to provide an argument in support of an issue raised on appeal. *Lyons*, 2024 IL App (5th) 231180, ¶ 19. Here, we are not reviewing a brief that failed to include record citations; instead, we are reviewing a case for which no supporting argument or citation to authority was provided.

¶ 27    We are also equally aware that an appellant is not required to provide a memorandum addressing the grounds for relief on appeal. See Ill. S. Ct. R. 604(h)(2) (eff. Dec. 7, 2023). And we respect an appellant's decision as to how they wish to proceed on appeal. However, we do not interpret appellant counsel's choice to file a notice that it will not file a Rule 604(h) memorandum as an invitation for this court to provide argument for issues raised by the appellant in the notice of appeal. To do so would unequivocally transform this court's role from that of jurist to advocate, a role discouraged by our supreme court.

¶ 28    This is especially true in pretrial release cases. The Illinois Supreme Court-approved notice of appeal form provides eight blank lines under each issue listed as grounds for the appeal. It is clear that the lines were provided for a purpose- to allow the appellant to present argument in support of any checked issue on the notice of appeal. The Illinois Supreme Court Rules further allow for the submission of a memorandum, if desired, which would further allow an appellant to set forth argument for any ground listed on the notice of appeal. Ill. S. Ct. R. 604(h)(2) (eff. Dec.

7, 2023). We agree with the Fifth District's interpretation of that rule as opportunities for any appellant to present required argument in either the notice of appeal or in a memorandum. See *Lyons*, 2024 IL App (5th) 231180, ¶ 22; 2024 IL App (5th) 231180, ¶ 22; *Burke*, 2024 IL App (5th) 231167, ¶ 31.

¶ 29    Generally, when no argument in support of the grounds listed in the notice of appeal is presented to this court, we could potentially consider the lack of argument as forfeiture of the issue; however, we cannot consider the foreclosed opportunity as forfeiture when defendant's appointed counsel deliberately chose to file a notice stating that it would not file a memorandum under Rule 604(h)(2), which is evidence of waiver. *Burke*, 2024 IL App (5th) 231167, ¶ 31. It is well-established that mere contentions, without argument or citations of authority, do not merit consideration on appeal and are deemed waived. *People v. Perea*, 347 Ill. App. 3d 26, 37-38 (2004).

¶ 30    While it is clear that defendant complied with the requirement of Rule 604(h)(2) by providing the requested relief and grounds for the appeal, his counsel's failure to provide any argument or legal authority in support of his appeal requires this court to speculate as to what the arguments of the parties would have been, which is contrary to our supreme court's precedent. We decline to do so.

¶ 31                                    CONCLUSION

¶ 32    For the foregoing reasons, we dismiss defendant's appeal.

¶ 33    Appeal dismissed.